IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, ex rel.
GLUMAC, a California corporation,

    Plaintiff,

  v.

DON TODD ASSOCIATES, INC., an
entity of unknown form, and DOES 1 to
100, inclusive,

    Defendants.
_____/

No. C 09-01442 WHA

**ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT**

**INTRODUCTION**

This is an action involving an alleged violation of the False Claims Act and breach of contract. Relator and qui tam plaintiff Glumac moves for default judgment against defendant Don Todd Associates, Inc. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

The facts alleged by plaintiff are as follows. Plaintiff is a California corporation. Plaintiff brings this action on the relation of the United States of America as to the violation of the False Claims Act and brings this action on its own behalf as to the remaining claims. Defendant is an entity that transacts business in California with its principal place of business in Oakland.

In or about 2007, defendant entered into a written contract with GSA through which defendant was to serve as "Construction Manager as Agent" to administer the construction of the Jefferson City United States Courthouse in Jefferson City.

On or about January 22, 2008, defendant entered into a written contract ("Subconsultant Contract") with plaintiff through which plaintiff was to serve as a subconsultant through the design phase of the Construction Project. Under the Subconsultant Contract, plaintiff was to be paid $64,560.00, but after modifications to the scope of the contract, plaintiff's compensation was mutually decreased to $62,512.00. The Subconsultant Contract appended in support of plaintiff's motion was not signed by defendant; however, defendant acknowledged and referenced the Subconsultant Contract in multiple e-mail exchanges and letters between plaintiff and defendant. The Court has reviewed the record, and the issue regarding the lack of signature is cavil, as the lack of signature is cured by the course of action, which recognizes that the contract is effective.

Article 15 of the Subconsultant Contract contained a choice-of-law provision. Article 15 stated:

> This CONTRACT shall be governed by, enforced, and interpreted under the law of the State of California.

Article 16 of the Subconsultant Contract contained an arbitration provision. Article 16 stated in relevant part as follows:

> In no event shall Client or Consultant be required to arbitrate any claims, disputes or other matters if either of them is unable to compel the joinder in such arbitration of any person or entity whose claimed acts or omissions are involved, in whole or in part, in the claim or dispute between Client and Consultant and in whose absence either Client or Consultant may be exposed to the risk of incomplete relief or inconsistent results with regard to such arbitration and any other forum for the resolution of disputes with such other parties.

In December 2008, plaintiff completed its performance under the Subconsultant Contract. Plaintiff submitted seven invoices for payment to defendant in 2008 on April 14, May 11, June 19, September 18, October 12, November 25, and December 29. The invoice from December reflected that plaintiff's work on the Construction Project was 100 percent completed and that defendant owed plaintiff $62,512.00.

2

Plaintiff alleges that defendant submitted each of plaintiff's invoices to GSA for payment. GSA informed plaintiff that it paid defendant the full amount for plaintiff's services under the Subconsultant Contract. GSA also informed plaintiff that defendant told GSA that it would redirect each of the payments to plaintiff.

Plaintiff alleges that it made a number of demands to defendant for payment. In November 2008, Paul Garvin, the Senior Vice President of defendant, promised to pay plaintiff by December 3, 2008. Thereafter, Daniel Anderson, also an employee of defendant, promised to pay plaintiff by December 19, 2008. Defendant has not paid any portion of the $62,512.00 owed to plaintiff.

Since plaintiff was unable to compel the joinder of GSA in arbitration, plaintiff commenced this action on April 2, 2009. On June 3, the United States of America filed a notice of election to decline intervention. On July 8, plaintiff served the complaint on defendant via the two-step process prescribed in California's Code of Civil Procedure Section 415.20. The service of process complied with FRCP 4(e)(1). Proof of service was filed on August 5. Defendant failed to answer. At the request of plaintiff, the clerk entered default against defendant on September 1. On September 17, defendant appeared at the case management conference through Attorney Linnea Willis, specially appearing for Attorney Angela Morgan. Defendant was ordered to file a motion to set aside default by September 24. Defendant failed to move to set aside default. On December 28, plaintiff moved to dismiss Doe defendants, and the motion was granted on December 30.

Plaintiff now moves for default judgment against defendant (Dkt. No. 23) and requests a judgment granting plaintiff the following relief:

1. $62,512.00 in monetary damages;
2. $197,536.00 in civil penalty and treble damages under 31 U.S.C. 3729(a);
3. $9,375.00 in attorney's fees; and
4. $2,328.17 in costs.

# ANALYSIS

Under FRCP 55(b)(2), a party can apply to the court for entry of judgment by default. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether default judgment is appropriate, the following factors are considered:

> (1) [T]he possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) theسum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). For the following reasons, these factors favor granting default judgment.

### 1. MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.

After the entry of default, all well-pleaded factual allegations in the complaint are taken as true, except as to the amounts of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The merits of plaintiff's substantive claims and the sufficiency of the complaint are thus considered together.

#### A. First Claim: False Claims Act.

The False Claims Act, 31 U.S.C. 3729(a)(1) (1994), stated:

> [A]ny person who knowingly presents, or causes to be presented, to an officer or employee of the United State Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person . . . .

For the purposes of this statute, Section 3729(b) defined "knowingly" as follows:

> [A] person, with respect to information —
>
> (1) has actual knowledge of the information;
>
> (2) acts in deliberate ignorance of the truth or falsity of the information; or

4

(3) acts in reckless disregard of the truth or falsity of the
information,

and no proof of specific intent to defraud is required.

Also for the purposes of this statute, Section 3729(c) defined "claim" as follows:

[A]ny request or demand, whether under a contract or
otherwise, for money or property which is made to a contractor,
grantee, or other recipient if the United States Government
provides any portion of the money or property which is
requested or demanded, or if the Government will reimburse
such contractor, grantee, or other recipient for any portion of the
money or property which is requested or demanded.

Plaintiff incorrectly asserts that defendant violated Section 3729. Here, plaintiff submitted seven invoices for payment to defendant. Subsequently, defendant submitted plaintiff's invoices to GSA and represented to GSA that upon receipt of GSA's payment, defendant would pay plaintiff. Plaintiff does not allege that the invoices submitted to GSA were false or fraudulent in any way. Instead, plaintiff merely alleges that defendant failed to redirect GSA's payments to it. Based on the facts alleged, defendant may have broken its promise to GSA, but it did not submit a false or fraudulent claim to GSA, as is required by Section 3729. *U.S. v. Neifert-White Co.*, 390 U.S. 228, 232 (1968). Accordingly, plaintiff's complaint does not sufficiently state a meritorious claim for a violation of the False Claims Act.

**B.     Second Claim: Breach of Contract.**

A claim for breach of contract requires "proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (App. Ct. 2008). Here, plaintiff entered into the Subconsultant Contract with defendant on or about January 22, 2008. The Subconsultant Contract required plaintiff to serve as a subconsultant for commissioning services through the design phase of the Construction Project. Plaintiff completed its performance under the Subconsultant Contract in December 2008 and submitted invoices for payment to defendant, totaling $62,512.00. Despite plaintiff's invoices and demands for payment, defendant has not paid any portion of the $62,512.00 owed to plaintiff. As a result of defendant's breach, plaintiff suffered $62,512.00 in damages. Accordingly, plaintiff's complaint sufficiently states a meritorious claim for breach of contract.

5

### C. Third, Fourth, and Fifth Claim: Account Stated, Open Book Account, and Reasonable Value of Work, Labor, Services, and Goods.

In its complaint, plaintiff states claims for account stated, open book account, and reasonable value of work, labor, services, and goods. Plaintiff requests the sum of $62,512.00, plus interest for each of these claims. It appears plaintiff has voluntarily dismissed its original request for interest because plaintiff requests only $62,512.00 in its default judgment. The damages requested in conjunction with these claims, $62,512.00, is accounted for in plaintiff's breach-of-contract claim. Accordingly, these claims are not addressed in this order.

### 2. REMAINDER OF THE *EITEL* FACTORS.

The remainder of the *Eitel* factors favor entering default judgment. If this motion is not granted, plaintiff will be left without a remedy or a means to prevent defendant's continued delinquency. Defendant never answered or otherwise responded to the complaint, so it is unclear whether there would be any dispute over material facts. Additionally, there is no evidence that defendant's failure to respond was the result of excusable neglect.

It is true that a large sum of money at stake would disfavor default judgment. *See Eitel*, 782 F.2d at 1472 (stating that a three million dollar judgment at stake, considered in light of the parties' dispute as to material facts, supported the court's decision not to enter default judgment). At present, plaintiff requests a default judgement against defendant in the amount of $271,751.17. The requested amount is reasonable considering the civil penalty and treble damages mandated by Section 3729(a).

Finally, although federal policy does favor a decision on the merits, Rule 55(b) allows entry of default judgment in situations such as this, where the defendant has refused to litigate. On balance, the *Eitel* factors weigh in favor of granting default judgment.

### 3. DETERMINATION OF RELIEF.

Plaintiff seeks a judgment granting the following relief: (1) $62,512.00 in monetary damages; (2) $197,536.00 in civil penalty and treble damages under 31 U.S.C. 3729(a); (3) $9,375.00 in attorney's fees; and (4) $2,328.17 in costs. The damages associated with plaintiff's

False Claims Act are not discussed, as plaintiff's complaint fails to sufficiently state a meritorious claim under the Act.

### A. Monetary Damages.

Section 3302 of the California Civil Code stated that "the detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest thereon." Based on the plaintiff's invoices, the amount due by the terms of the obligation was $62,512.00. Plaintiff does not seek interest on this amount. Therefore, plaintiff's request for $62,512.00 is hereby **GRANTED**.

### B. Attorney's Fees.

Plaintiff seeks $9,375.00 in attorney's fees. Under California law, attorney's fees are not recoverable from an opposing party in the absence of express statutory or contractual authority. Cal. Civ. Proc § 1021 (2007). There is no express statutory authority authorizing attorney's fees as an element of damages for breach of contract. Furthermore, the Subconsultant Contract does not contain a provision authorizing attorney's fees. Accordingly, plaintiff's request for attorney's fees in the amount of $9,375.00 is **DENIED.**

### C. Costs.

Plaintiff seeks $2,328.17 in costs. Under California law, the court may award costs at its discretion. Cal. Civ. Proc. § 1033. Here, plaintiff has not submitted any document detailing the costs incurred thus far in this action and why such costs are reasonable. As a result, this order cannot tell if the amount requested is reasonable. Therefore, plaintiff's request for costs in the amount of $2,328.17 is hereby **DENIED**. Plaintiff may submit a proper explanation of the requested amount by **NOON ON FRIDAY, FEBRUARY 19, 2010**. Following such a submission, the Court will then determine whether the requested relief is appropriate.

## CONCLUSION

For the forgoing reasons, plaintiff's motion for default judgment is hereby **GRANTED IN PART AND DENIED IN PART**. Defendant is hereby **ORDERED** to pay plaintiff $62,512.00 in monetary damages.

Plaintiff's request for attorney's fees in the amount of $9,375.00 is hereby **DENIED**. Plaintiff's request for costs in the amount of $2,328.17 is also **DENIED**. Plaintiff may submit a proper explanation of the requested amount of costs by **NOON ON FRIDAY, FEBRUARY 19, 2010**. Following such a submission, the Court will then determine whether the requested relief is appropriate.

**IT IS SO ORDERED.**

Dated: February 11, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE